Argued November 13, 1945; affirmed April 30, 1946

## WOOD ET AL. *v.* HONEYMAN ET AL.

(169 P. (2d) 168)

*George Mowry,* of Portland, and *Erskine Wood,* of Portland (John Mowry, of Portland, on brief), for respondents.

*Elton Watkins,* of Portland, for appellants.

Before BELT, Chief Justice, ROSSMAN, BAILEY, BRAND and HAY, Justices.

ROSSMAN, J.

This is an appeal by David T. Honeyman and Nan Wood Honeyman, husband and wife, two of the three defendants, from a decree of the circuit court which holds that the defendant, David T. Honeyman, wrongfully breached the terms of a trust which was created by an instrument signed April 15, 1918, by Colonel C. E. S. Wood, settlor of the trust. The plaintiffs are Colonel Wood, one of his two daughters, two of his three sons, and the three sons of a deceased son. The

defendants are the two appellants and Emily G. Seaman, whom we shall shortly identify. We shall hereafter refer to the defendant, David T. Honeyman, as the defendant. He was made defendant both individually and as trustee. This case is a companion one to *Wood v. Honeyman,* this day decided by us.

The attacked decree (1) found that the defendant breached his trust duties; (2) found that he loaned $15,000 of trust money to the Honeyman Hardware Company, in which he owned an interest, upon inadequate security; (3) held that he converted to his own use trust funds amounting to $14,399.91; (4) removed the defendant from his office as trutee; (5) appointed as successor-trustee William Maxwell Wood, one of the plaintiffs, who is one of the three sons of the deceased son of Colonel Wood; (6) ordered the defendant to turn over to the successor-trustee the remaining assets of the trust; (7) ordered the successor-trustee to complete administration of the trust; (8) rendered judgment in favor of the successor-trustee against the defendant for the two aforementioned sums of $15,000 and $14,399.91; (9) directed that the judgment for the sum of $15,000 should be a first lien upon the promissory note of $15,000 signed by the Honeyman Hardware Company and all papers which had been given as security for the loan; and (10) ordered the sale of the aforementioned $15,000 note.

The trust instrument which underlies this suit was signed by Colonel Wood when he retired from the practice of law in Portland, and its purpose was to provide an income for Katherine Beck who had served him as private secretary. It directed that upon Miss Beck's death the income should be paid to her sister, Emily G. Seaman, if she survived Miss Beck. Upon the death of the two, the trust estate was to be distributed among

Colonel Wood's five children and the children of any deceased child. Six years after the creation of the trust Miss Beck died and thereupon the trust became identified as the Seaman Trust. We mentioned it at some length in our decision in the companion case of *Wood v. Honeyman.* William Maxwell Wood, Sr., a son of Colonel Wood, was the first trustee. Upon his death November 4, 1921, the defendant was appointed. In order to satisfy the wishes of Lazard Freres, mentioned in *Wood v. Honeyman,* the appointment of the defendant was made by an order of the circuit court. The sum which established the Seaman Trust was $50,000 cash. As we stated in *Wood v. Honeyman,* $15,000 of that sum was used March 1, 1923, to establish the Educational Trust, which is described in *Wood v. Honeyman.* Thus, after March 1, 1923, the corpus of the Seaman Trust was $35,000.

For the purposes of the appeal, this case and *Wood v. Honeyman* were consolidated. Likewise the two were tried together in the circuit court. The same set of assignments of error serve both cases.

The issues and the evidence in this suit are so similar to those described in *Wood v. Honeyman* that we deem it unnecessary to go into those matters at length in this opinion. The instrument which created this trust contained no provision concerning the trustee's duty to account.

In *Wood v. Honeyman* we mentioned a certificate for $6,500, preferred stock of the Portland Gas & Coke Company, and another certificate for $3,500, preferred stock of the Pacific Power & Light Company. Both of these were assets of this, the Seaman Trust, and were purchased in 1923. By reverting to *Wood v. Honeyman,* it will be observed that, although the defendant sold both of the certificates in 1932, he, nevertheless, kept

on sending to Miss Seaman checks which purported to represent dividends which he had received on the certificates. In that way the defendant indicated falsely that both certificates still remained assets of the trust. When he sold the certificates he deposited the proceeds in his personal bank account and checked out the money in payment of his personal debts.

In the appellants' brief a compilation of figures is set forth which purports to be a succinct account of the Seaman Trust. One of the items is: "On hand, $32,-460.00." That figure is necessary to balance the account. To the extent, if any, that it is erroneous, the account is out of balance. No explanation is made in the brief as to how the appellants computed the total of $32,460. Yet a glance at a paper prepared by the defendant and forming a part of the record as an exhibit shows the items. Entering into the total of $32,460 the defendant employed the certificate of $6,500, Portland Gas & Coke Company preferred stock, and the certificate of $3,500, Pacific Power & Light Company preferred stock, both of which he sold eleven years before he prepared the paper. Neither was on hand when he wrote: "On hand, $32,460.00." Also entering into that total the defendant placed an item of $2,460 cash. When Mr. Pattullo audited the defendant's records he could nowhere find that money. Diligent inquiry during the course of the trial failed to locate it. The defendant virtually conceded its nonexistence. Included in the sum of $32,460 the defendant also placed the $15,000 note which we described at length in *Wood v. Honeyman* and which the decree under attack holds was inadequately secured. By returning to the facts delineated by us in *Wood v. Honeyman,* it will be seen that the finding just mentioned was fully warranted. In fact, no other conclusion was possible. The

sums just reviewed total $27,460. The remaining $5,000, which made up the total of $32,460, consists, in part, of two bonds with a face value of $2,000 secured by the Boston Insurance Exchange Building. The market value of those bonds at the time of the trial was $480. The remaining part of the $5,000 was three defaulted bonds issued by a New York corporation entitled Lincoln 42nd Street Corporation. When default upon the bonds occurred, a bondholders' committee foreclosed the mortgage which underlay the bonds, reorganized affairs and paid the defendant $970, his share of sums received upon foreclosure. He had not participated in the reorganization proceedings and, therefore, according to the testimony of Mr. S. H. Bibler, who was well versed in security values, the bonds which the defendant retained were worthless. Thus, the market value of the remaining assets of the Seaman Trust, apart from the $15,000 note, was $480 at the time of the trial. But if he is given credit for face value, the assets were worth $2,000. If it should develop that the $15,000 note, signed by the Honeyman Hardware Company, is worth that amount of money, the decree under attack will credit him in full with that sum of money. The evidence indicates, however, that the note is worthless. In fact, there is good reason for believing that the note was paid. We have gone into these details for the purpose of showing the falsity of the defendant's records.

■■ Without further review, we express our belief that (1) the complaint states a good cause of suit; (2) the evidence warranted the decree; and (3) all of the assignments of error lack merit.

The decree of the circuit court is affirmed. Costs and disbursements will be awarded to the respondents.